■ NUNZIO ALBERO, Appellant, v. STATE OF NEW YORK et al., Respondents. (Claim No. 41348.) — TAYLOR, J. In a claim seeking a recovery against the State of New York and the New York State Thruway Authority for personal injuries sustained on July 23, 1962 when claimant's automobile, proceeding across the Tappan Zee Bridge of the State Thruway, crossed the median line into an opposing traffic lane and collided with another vehicle, appeal is taken from an order of the Court of Claims which denied his motion for the discovery and inspection of " all studies made by defendants relative to the

erection of median barriers upon the Tappan Zee Bridge, all studies made by defendants relative to the characteristics of the roadway and the composition of the road surface of the Tappan Zee Bridge, all studies made by defendants relative to the erection of warning lights and warning signs upon the Tappan Zee Bridge, all tests made or caused to be made by defendants as to the characteristics of the roadway and composition of the road surface and of the Tappan Zee Bridge; and all correspondence or memoranda maintained or kept by defendants relative to the erection of median barriers, warning lights, warning signs, roadway characteristics and the composition of the road surface of the Tappan Zee Bridge" and which also denied his motion to amend the *ad damnum* clause of the claim, without prejudice to its renewal upon the trial, upon the fulfillment of the conditions which the order imposed. There is no proof of the existence of any of the materials sought to be discovered prior to July 23, 1962. Questions designed to elicit that information upon the examination before trial remained unanswered. Nor are the documents described with the required specificity in that they include "studies", if any, postdating the accident which obviously would not be material to the prosecution of the claim (CPLR 3120, subd. 1). Orderly procedure dictates that the pretrial examination be resumed at which the relevant documents, if such be in the custody and control of defendants, will be produced and marked for identification whereafter claimant may move for their production and discovery if so advised. Only then can his right to discovery and inspection be intelligently determined. (*Rios* v. *Donovan*, 21 A D 2d 409.) We think that the court below should have permitted claimant to increase his demand for damages. Order reversed, on the law and the facts, with costs, and claimant's motion to amend the *ad damnum* clause of the claim granted; resumption of the pretrial examination of defendants is directed with leave to claimant, however, if so advised to move upon the completion thereof for the discovery and inspection of any specific records or documents. Settle order. Herlihy, J. P., Reynolds, Aulisi and Hamm, JJ., concur.